**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CANDICE WILHELM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKCHAIN (US), INC.,<br><br>Defendant. | Case No. 1:24-cv-1998 |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Blockchain (US), Inc. ("Blockchain" or "Defendant") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois. For the sole and limited purpose of establishing the basis for this Court's jurisdiction, Blockchain assumes the truth of the allegations in the Class Action Complaint (the "Complaint"). Removal is proper because this Court has jurisdiction under the Class Action Fairness Act of 2005. In support of removal, Blockchain states as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this civil action under 28 U.S.C. §§ 1332(d)(2), 1441, and 1453. This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff Candice Wilhelm ("Plaintiff") filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

## STATE COURT ACTION

3. On November 20, 2023, Plaintiff filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2023-CH-09543, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA"). *See* **Exhibit A**, Class Action Compl., attached hereto.

4. Plaintiff brings this action for "statutory damages" and other relief as a result of Blockchain's alleged "violations of BIPA." *E.g.*, *id.* ¶¶ 11, 13. Plaintiff alleges Blockchain violated the BIPA by: (1) failing to make publicly available a written retention schedule regarding the purported storage of Plaintiff's biometric data, in violation of Section 15(a) of the BIPA, *e.g.*, *id.* ¶¶ 38-39; (2) failing to inform Plaintiff and putative class members in writing that Blockchain was collecting and/or storing their biometric data, in violation of Section 15(b) of the BIPA, *e.g.*, *id.* ¶¶ 42-45; and (3) "disclos[ing], redisclos[ing], or otherwise disseminating" Plaintiff's biometric data, in violation of Section 15(d) of the BIPA, *e.g.*, *id.* ¶¶ 47-49.

5. Plaintiff requests, on behalf of herself and a putative class, an order: (1) certifying the above-captioned case as a class action and appointing Fradin Law and Simon Law Co. as class counsel; (2) declaring that Blockchain violated the BIPA; (3) awarding "statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS Section 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Blockchain.com's violations of BIPA were not willful";

(4) awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and (5) awarding "actual damages." *See id.* at p. 10.

6. On February 8, 2024, Plaintiff served Blockchain with copies of the Complaint and Summons. *See* Ex. A.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served on Blockchain in the state court action are attached hereto as Exhibit A.

8. No further proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (Cook County Clerk of the Circuit Court, Online Case Search, Case No. 2023-CH-09543 (Mar. 8, 2024)).

## TIMELINESS

9. Removal is timely because Blockchain filed this Notice within 30 days of service of the Complaint, which occurred on February 8, 2024. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under CAFA because: (1) the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5 million.

### CLASS SIZE

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint." Ex. A, Compl. ¶ 29.

12. Plaintiff alleges that she "is informed and believes that there are more than 1,000 people who satisfy the definition of the Class." *Id.* ¶ 31. Solely for purposes of removal, and without conceding that Plaintiff or the class are entitled to any relief, Blockchain assumes Plaintiff's allegation that the proposed class includes "more than 1,000 people" is true. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

### MINIMAL DIVERSITY OF CITIZENSHIP

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. For purposes of determining diversity, an individual is a "citizen" of the state in which she is domiciled. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[I]t has long been established that natural persons are typically a citizen of the state in which they reside or—to be more precise—are 'domiciled.'") (citation omitted).

15. Plaintiff, as described in the Complaint, has been "at all relevant times . . . a resident of the state of Illinois." Ex. A, Compl. ¶ 13. Although residence and citizenship are not coextensive, because Plaintiff alleges she resides in Illinois and because the alleged violations took place while she was in Illinois, the strongest inference from the Complaint is that Plaintiff is a citizen of Illinois for purposes of diversity jurisdiction. In addition, given that the putative class is defined as "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint," *id.* ¶ 29, many of the unnamed members of the putative class are almost certainly Illinois citizens.

16. The Complaint does not allege Blockchain's citizenship for purposes of diversity jurisdiction. From the time this lawsuit was filed to the present, Blockchain has been a corporation organized under Delaware law with its principal place of business in Florida. Accordingly, Blockchain is a citizen of the States of Delaware and Florida for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the complaint's filing).

17. Accordingly, minimal diversity exists between Plaintiff and Blockchain. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

### AMOUNT IN CONTROVERSY

18. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

19. To demonstrate that the amount-in-controversy requirement is met, Blockchain need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin*

*Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

20. Blockchain denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

21. Plaintiff seeks, among other things, statutory damages of $5,000.00 "for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2)" and $1,000.00 "per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Blockchain's violations of BIPA were not willful." Ex. A, Compl. at p. 10.

22. Although the Complaint does not identify a total dollar amount of damages, Plaintiff alleges that "more than 1,000" people were impacted by Blockchain's alleged conduct and qualify for membership in the proposed class. *Id*. ¶ 31. Because Plaintiff seeks statutory damages of $5,000 for each allegedly intentional or reckless violation of the BIPA, the amount in controversy easily exceeds $5,000,000. Specifically, because Plaintiff alleges damages of up to $5,000 per alleged violation with respect to each putative class member, and because Plaintiff alleges that Blockchain violated the BIPA at least three times per person, *id*. ¶¶ 35-49, the $5,000,000 threshold is reached with a class size of only 334 (far smaller than the class size of "more than 1,000" alleged in the Complaint, *id.* ¶ 31).[1]

## NOTIFICATIONS

23. Blockchain will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

---

[1] (334 class members x $5,000 statutory damages x three violations = $5,010,000.) Blockchain includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct or that Plaintiff's putative class is certifiable.

24. Blockchain will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

25. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Blockchain reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

26. Blockchain reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Dated: March 8, 2024

Respectfully submitted,

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
(gmaatman@duanemorris.com)
Jennifer A. Riley
(jariley@duanemorris.com)
Tyler Zmick
(tzmick@duanemorris.com)
Christian Palacios
(cpalacios@duanemorris.com)
DUANE MORRIS LLP
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700

**Attorneys for Defendant Blockchain (US), Inc.**

## **CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, Jr., an attorney, certify that on March 8, 2024, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

James L. Simon
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.